CAVAN v. The D. S. GREGORY. See Cases Nos. 4,099–4,103.

CAVAROC (BENJAMIN v.). See Case No. 1,300.

## Case No. 2,529.

### CAVAROC v. COLLECTOR.

[1 Woods, 172.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1871.

CUSTOMS DUTIES—"WINE IN BOTTLES"—ASSESSMENT.

Under section 16 of the act (16 Stat. 262), C. imported a lot of wine in bottles, each bottle

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

containing more than a pint and less than quart; *held*, that the rate of duty was controlled by the actual cost of the wine and not by its cost estimated on the supposition that each bottle contained an entire quart.

This was an action brought to recover of defendant, James F. Casey, who was collector of customs at the port of New Orleans, the sum of $532, duties alleged to have been illegally imposed and collected by him from plaintiff. A jury was waived and the cause submitted upon an agreed statement of facts, which sufficiently appears in the opinion of the court.

Charles Case and J. D. Rouse, for plaintiff.

J. R. Beckwith, U. S. Atty., for defendant.

WOODS, Circuit Judge. The law controlling the case is found in 16 Stat. 262, § 21, and is as follows: "There shall be levied, collected and paid, the following rates of duties, that is to say, on all wines imported in casks, containing not more than twenty-two per centum of alcohol and valued at not exceeding forty cents per gallon, twenty-five cents per gallon; valued at over forty cents and not exceeding one dollar, sixty cents. * * * On wines of all kinds imported in bottles, and not otherwise herein provided for, the same rate per gallon as wines imported in casks; but all bottles containing one quart or less than one quart shall be held to contain one quart, and all bottles containing one pint or less than one pint shall be held to contain one pint and shall pay in addition three cents per bottle." The plaintiffs imported 507 cases of white wine in bottles, each bottle containing more than a pint and less than a quart. The wines were entered at the custom house at the quantity of three gallons per case. The cost of the wine was one dollar, fourteen cents and eight mills per case, commissions included. If the cost per case be divided by three, the number of gallons per case as entered, then the cost per gallon is less than forty cents and the duty imposed by law thereon is twenty-five cents per gallon and three cents per bottle. But the collector ascertained by measurement the quantity contained in each bottle to be one-fifth of a gallon or two gallons and two-fifths of a gallon per case, and if the cost per case be divided by the latter number, the actual quantity, then the cost per case exceeds forty cents per gallon, and the duty is sixty cents per gallon and three cents per bottle. The defendant decided that this was the lawful method of estimating the cost and imposed duties at the latter rate upon the wine, estimating the quantity to be one quart per bottle or three gallons per case. The plaintiffs claim that by this method of deciding upon the rate of duty the collector has imposed duties to the amount of $532.35 over and above what the law authorized.

The question presented for decision is, therefore, was the collector right in the method adopted for estimating the value of the wine; in other words, was he or not bound, in estimating the value of the wine, to hold that each bottle contained a quart? We think the method adopted by the collector was the correct one. The law is express that wines valued at not exceeding forty cents per gallon shall pay twenty-five cents, and valued at over forty cents and not over one dollar per gallon, sixty cents per gallon. There is no dispute that this wine actually cost over forty cents per gallon. It is, therefore, liable to pay a duty of sixty cents, unless the collector is bound, in estimating the value, to consider each bottle as holding an entire quart. To adopt the rule claimed as correct by plaintiffs, would be to allow the importer and not the law to fix the rate of duty. For by changing the size of his bottles he could reduce the duty from sixty to twenty-five cents per gallon without any change in the quality or cost of the wine. The provision, that each bottle containing more than a pint and less than a quart, shall be held to contain a quart, is intended only to fix the quantity on which the duty is to be imposed; the value of the wine is intended to be its actual and not a fictitious or arbitrary value.

The policy of the law is to impose the same uniform duty on the same article, and not to leave the duty to be regulated by the importer. It was not the purpose of the law to impose sixty cents on wine put up in bottles holding a quart, and twenty-five cents on the same wine put up in bottles of a smaller size. Any hardship resulting from the application of this rule may be avoided by the importer by the simple process of importing his wines in pint and quart bottles. He cannot be allowed to escape a part of the duties by changing the size of his bottles. Let a judgment be entered for defendant.